**Richard SIMONE and Linda Simone, Plaintiffs–Appellants,**

v.

**WORCESTER COUNTY INSTITUTION FOR SAVINGS, Defendant–Appellee.**

**Civ. A. No. 92–40138–GN.**

United States District Court, D. Massachusetts.

Dec. 21, 1993.

Richard Simone, pro se.

Linda Simone, pro se.

Lucille B. Brennan, Fletcher, Tilton & Whipple, Worcester, MA, for Worcester County Institution for Sav.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Appellants, Richard and Linda Simone, bring this appeal from a judgment in Adversary Proceeding No. 91–4204 in the United States Bankruptcy Court for the District of Massachusetts (Queenan, J.). The Bankruptcy Court dismissed Appellants' complaint and allowed the counterclaim of Appellee, Worcester County Institution for Savings ("WCIS"), in the amount of $22,804. The Simones, proceeding *pro se* on this appeal, allege various improprieties and errors with respect to the bench trial below. WCIS contends that the Simones' appeal is frivolous and seeks to recover, as sanctions, its fees and costs of responding to this appeal. For the reasons stated below, the judgment of the Bankruptcy Court is affirmed and WCIS' motion for sanctions is denied.

### I. Background

The Simones defaulted on first and second mortgages held by WCIS on their property located at 62 Harold Street, Worcester, Massachusetts. WCIS conducted a foreclosure sale of the subject property on June 13, 1991, after advertising it as a single-family home. At the foreclosure sale, WCIS was the successful bidder at $94,500. The amount due under the mortgage notes was $117,304.

The Simones brought the underlying adversary proceeding in Bankruptcy Court alleging that WCIS' foreclosure sale was commercially unreasonable and constituted a violation of the Massachusetts Consumer Protection Act (M.G.L. c. 93A). Specifically, the Simones alleged that, because of an inaccurate appraisal, WCIS advertised their property as a single-family home when, in fact, it is a two-family home. WCIS counterclaimed for the deficiency amount under the mortgage.

### II. Discussion

Following a bench trial on June 4, 1992, the Bankruptcy Judge found that:

1) WCIS acted in good faith and relied upon a qualified appraising firm,

2) the appraisal was reasonable in determining that the property was essentially a single-family home,

3) the subject property would have been in violation of zoning laws if operated as a two-family home,

4) the fair market value of the property at the time of sale was $135,000, and

5) WCIS acted in accordance with banking custom in bidding in at seventy percent of market value.

Based upon his findings, the Bankruptcy Judge concluded that WCIS acted in a commercially reasonable fashion.[1]

### A. *Single–Family Home Designation*

■ WCIS retained ATR Appraisal Consultants ("ATR") to appraise the Simones' property. The Simones contend on appeal that the Bankruptcy Judge erred in finding that ATR was reasonable in determining that their house was essentially a single-family home. The findings of fact of the Bankruptcy Court are binding on this Court unless clearly erroneous, but its conclusions of law are to be reviewed *de novo. In re LaRoche,* 969 F.2d 1299, 1301 (1st Cir.1992). Whether the conclusion of the Bankruptcy Court regarding ATR's appraisal is characterized as a question of fact or a mixed question of law and fact, this Court finds that it is supported by the evidence.

The Simones argued at trial, and argue again on appeal, that they rented out their basement and that, therefore, their property should have been advertised as a two-family home. The evidence presented at trial indicated that ATR's appraisal found, among other things, that 1) an inspection notice issued by what Defendant–Appellee describes as "Worcester's Department of Code Inspection" noted various code violations in the basement, 2) no variance had been obtained for the basement unit, and 3) without such a variance, the property as a two-family home violated the Worcester Zoning By-law. Based upon those facts, ATR concluded that the highest and best use of the property was as a single-family home. The record on appeal indicates that the Bankruptcy Court considered those facts and concluded that the appraiser had not acted unreasonably in determining that the Simones' home was essentially a single-family home. Appellants have cited no evidence to indicate that the decision of the Bankruptcy Court was clearly erroneous or error as a matter of law. The decision

of the Bankruptcy Court is therefore AFFIRMED.

### B. *WCIS's Motion for Sanctions*

■ The Simones also alleged various improprieties of ATR, the trial judge and their own trial counsel. WCIS argues that those allegations are frivolous and that the Court should impose sanctions on the Simones under Bankruptcy Rule 9011 and Fed.R.App.P. 38. The allegations are presented in conclusory form and are entirely without supporting evidence. Perhaps they are frivolous, but not all of the Simones' appeal may be so characterized. Their allegation that the trial court erred in concluding that ATR's determination that their home was essentially a single-family home is not frivolous. WCIS's motion for sanctions is therefore DENIED.

### ORDER

For the foregoing reasons, it is hereby ORDERED that:

1. the judgment of the Bankruptcy Court dismissing the complaint of the Plaintiffs–Appellants and allowing the claim of Defendant–Appellee in the amount of $22,804 is AFFIRMED; and

2. the motion of Defendant–Appellee for Sanctions is DENIED.

---

tional conclusion that the law in Massachusetts does not require that real estate foreclosures be conducted in a commercially reasonable fashion.